**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>v.<br><br>Juan Fernando Ramirez-Gonzalez,<br><br>            Defendant. | No. CR-24-06252-001-TUC-RM (LCK)<br><br>**ORDER** |

Pending before the Court is Defendant Juan Fernando Ramirez-Gonzalez's Motion to Reopen Appeal of Order of Detention to District Court (Doc. 16), to which the Government responded in opposition (Doc. 18). For the following reasons, the Motion will be granted.

**I.     Background**

Defendant is a 20-year-old United States citizen who was born in Arizona but has lived in Nogales, Sonora, Mexico, since infancy. (Doc. 2 at 2.) According to the Complaint, United States Customs officers found 50.22 kilograms of fentanyl, 35.96 kilograms of methamphetamine, and 3.12 kilograms of cocaine hidden in Defendant's truck after he attempted to enter the United States through the Mariposa Port of Entry. (Doc. 1.) After waiving his *Miranda* rights, Defendant admitted to participating in what he believed was a cash smuggling operation for $1,000 and making similar trips on three occasions. (*Id.* at 2.) Defendant is charged in an Indictment with eight counts pertaining to the alleged possession, distribution, and importation of fentanyl, methamphetamine,

and cocaine, all in violation of federal law. (Doc. 12.)

At Defendant's initial appearance, Magistrate Judge Michael A. Ambri ordered him detained pending trial. (Docs. 3, 6.) Defendant subsequently appealed the Detention Order. (Doc. 7.) At a hearing on September 10, 2024, this Court affirmed the Detention Order but granted Defendant leave to refile a motion once he was placed at a suitable treatment facility. (Doc. 11.) During the hearing, the Court also encouraged defense counsel to inquire about whether the proposed third-party custodian, Pedro Mendoza, would be willing to pay a cash bond and whether Defendant could secure employment. (*Id.*)

## II. Applicable Law

The Bail Reform Act permits a court to reopen detention proceedings if the defendant presents new information that has a material bearing on whether there are conditions of release that would reasonably assure his appearance at court proceedings and the safety of others. 18 U.S.C. § 3142(f)(2).

A rebuttable presumption of detention applies pursuant to the Bail Reform Act if the Court finds that there is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 18 U.S.C. § 3142(e)(3)(A). The presumption of detention remains an evidentiary factor even if the defendant presents evidence to rebut it. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) ("The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).") (internal quotations omitted). In making an individualized detention determination, the court must consider: (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to the community posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

## III. Discussion

In the Motion to Reopen Appeal, Defendant presents new information that Pretrial Services confirmed that a rehabilitation center has found him suitable for inpatient treatment. (Doc. 16 at 1-2.) Additionally, Defendant emphasizes his United States citizenship, his prior work experience in a Nogales, Arizona produce warehouse[1], and statements from his girlfriend and defense counsel indicating that he can easily find employment and secure an apartment if released. (*Id.* at 2.) He also refers to the Pretrial Services Report, which recommended his release with conditions pending trial. (*Id.*)[2] However, Defendant states that the proposed third-party custodian, Mr. Mendoza, cannot provide a cash bond, has not confirmed his willingness to act as a custodian, and has ceased responding to counsel. (*Id.*)

The Government opposes the Motion, arguing that Defendant has failed to provide new and material information bearing on the issues of flight risk and danger to the community and has not rebutted the presumption of detention under 18 U.S.C. § 3142(e). (Doc. 18.)

The Court finds that Defendant has provided sufficient new and material information to justify a review of his detention. Specifically, defense counsel has confirmed with Pretrial Services that a rehabilitation facility has deemed Defendant suitable for inpatient treatment. Defendant has also shown a commitment to securing employment and stable housing, supported by statements from defense counsel, Defendant's girlfriend, and his previous work history in the United States. Furthermore, the Court acknowledges the recommendation for release with conditions outlined in the

---

[1] The Pretrial Services Report states that Defendant has been unemployed since July 2024 but has a history of intermittent employment at a produce factory in Nogales, Arizona. (Doc. 2 at 2.)

[2] The Pretrial Services Report found that "[D]efendant poses a risk of nonappearance based on his long-term residence in, employment history, and familial ties to Mexico, lack of financial ties to the United States, unemployment status, previous mental health diagnosis and a prior suicide attempt, underage alcohol consumption and history of illicit substance use." (Doc. 2 at 4.) For similar reasons, and due to the nature of the alleged offense, the Report further found that "[D]efendant poses a risk of danger to the community." (*Id.*) However, the Report recommended that Defendant be released pending trial based on Pretrial Services' belief that certain conditions could minimize these risks. (*Id.*)

Pretrial Services Report. Finally, Defendant's citizenship, lack of criminal history, and his readiness to comply with conditions of release provide reasonable assurances that he will appear at future court proceedings and will not pose a danger to the community. Because the Court concludes that conditions can be imposed to reasonably ensure Defendant's appearance and the community's safety, the Court will order Defendant released pending trial.

**IT IS ORDERED** that Defendant's Motion to Reopen Appeal of Order of Detention to District Court (Doc. 16) is **granted**.

**IT IS FURTHER ORDERED** that Magistrate Judge Michael A. Ambri's Order of Detention (Doc. 6) is **overruled**.

**IT IS FURTHER ORDERED** that Defendant shall be released to the treatment facility identified by Pretrial Services.

**IT IS FURTHER ORDERED** setting a **Release hearing** before the Honorable Bruce G. Macdonald on **December 10, 2024, at 3:00 p.m.**

Dated this 9th day of December, 2024.

_____
Honorable Rosemary Márquez
United States District Judge